## Lucas *v.* Snyder.

An agreement stipulated that the defendant should build a house in a certain manner, and have it completed on or before the first day of March, 1845, for which the plaintiff paid four hundred dollars down, and was to pay six hundred dollars on the said 1st day of March. In an action on the agreement, for failing to complete the house within the time and in the manner specified, the declaration averred, that the plaintiff was ready and prepared to pay according to the effect of the agreement, held that the declaration was good without alleging the payment, or an offer to pay the six hundred dollars.

### *Error to Muscatine District Court.*

*Opinion by* Greene, J. This was an action of debt, commenced by the plaintiff in error against Thomas Snyder in the district court of Johnson county. Venue changed to Muscatine county. Demurrer to the declaration sustained, and judgment rendered for the defendant. The question now raised is, did the court err in declaring the declaration to be insufficient. The declaration was framed upon an article of agreement, by which Snyder undertook to furnish materials and construct for Lucas, a good and substantial brick house according to stipulated plans and specifications, upon a piece of land adjoining Iowa City, to be pointed out by Lucas; and it was stipulated that the building should be completed on or before the 1st of March, 1845. Snyder bound himself to a true performance of the agreement in the penal sum of one thousand dollars.

As preliminary to the foregoing stipulations, the agreement witnessed, that Lucas should pay to Snyder four hundred dollars at the signing of the articles, "and six hundred dollars on or before the first day of March, 1845, and for the true payment of which, he binds himself and assigns firmly by these presents."

The declaration avers, that Lucas performed the conditions of the agreement on his part, by paying the four hundred dollars at the signing of the agreement; by desig-

nating the piece of land upon which the house was to be built; and by being ready and prepared to pay the six hundred dollars on the first day of March, according to the tenor of the agreement. The declaration then sets forth several particulars in which Snyder failed to have the house completed by the first day of March, as stipulated in the contract, and claims a forfeiture of the penal sum mentioned in the agreement. But the declaration does not aver a performance, or an offer to perform by Lucas so far as the payment of six hundred dollars is concerned. It merely alleges, that he was ready and prepared to pay according to the effect of the agrement, and in this particular it is contended, that the declaration was defective. This position could not be disturbed, if that payment could properly be regarded as a condition precedent to the building of the house, and if the declaration did not show that the plaintiff had given the defendant notice of his readiness to perform. According to our view of the situation and true intention of the parties as disclosed in the agreement, the declaration avers performance of all those conditions, on the part of the plaintiff, which can be regarded as precedent, and that Snyder's covenant to complete the house on or before the first day of March, 1845, does not rest or in any way depend upon the covenant of Lucas to pay the six hundred dollars. We regard them as mutual and independent covenants. The nature of the two covenants, the order of time in which the work was to be performed and the payment made, shows conclusively that the former had to be in process of execution, and finally completed before the day of payment, and consequently, as the acts could not be simultaneously performed, it could not partake of that characteristic of dependent covenants. The doctrine is well settled, that where an act is to be done by one party before the consideration act is to be done by the other, the covenants to do those acts are independent. *Tileston* v. *Newell*, 13 Mass. 410; *Conch* v. *Ingersoll*, 2 Pick. 300; *Cunningham* v. *Morrell*,

10 John 203; *Goodwin* v. *Holbrook,* 4 Wend. 377; *Craddock* v. *Aldridge,* 2 Bibb. 15.

Apply that rule to the present case. To enable the defendant to perform the work within the stipulated time it became necessary for him to commence acting long before the day of payment, in order to have the work completed on or before that day, as stipulated. From the nature and terms of the contract, it cannot be claimed that the defendant made the last payment a condition precedent to his liability to perform the work: for that payment was not to be made by the plaintiff until the day by or before which the defendant should completely perform his part of the agreement. His failure to do so rendered him liable on the agreement even before a breach of the plaintiff's covenant to pay could occur. How then could the performance of the work be in any way dependent upon the payment?

There is another very good reason why those covenants should not be regarded as dependent. It appears to be a rule of law that a covenant with a penalty annexed will always be considered as independent. *Freeland* v. *Mitchell* 8 Mis. 487.

We therefore conclude that the covenant upon which this suit was commenced is independent, and that the declaration is sufficient.

Judgment reversed.

*W. P. Clark* and *H. D. Downey,* for plaintiff in error.

*S. Whicher* and *J. D. Templin,* for defendant.